United States District Court
Northern District of California

1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    ASSOCIATED INDUSTRIES                    Case No.  22-cv-04008-HSG (DMR)
     INSURANCE COMPANY, INC.,
8
                  Plaintiff,
                                             **ORDER ON JOINT DISCOVERY**
9                                            **LETTER**
            v.
10                                           Re: Dkt. No. 32
     ATEGRITY SPECIALTY INSURANCE
11   CO., INC.,

12                Defendant.

13          The parties filed a joint discovery letter in which Defendant Ategrity Specialty Insurance

14   Co., Inc. ("Ategrity") moves to compel Plaintiff Associated Industries Insurance Co., Inc.

15   ("Associated") to provide further responses to 12 interrogatories.  [Docket No. 32.]  This matter is

16   suitable for determination without oral argument.  Civ. L.R. 7-1(b).  For the following reasons,

17   Ategrity's motion is denied.

18   **I.    BACKGROUND**

19          This case involves an insurance coverage dispute.  Associated and Ategrity mutually insure

20   Veritas Investments, Inc. ("Veritas"), which was sued in an underlying case filed in San Francisco

21   Superior Court called *Evander v. Veritas Investments, Inc*.  Compl. ¶ 5.  *Evander* includes more

22   than 100 plaintiffs who alleged that Veritas bought approximately two dozen San Francisco

23   residential buildings in which they reside and then undertook large scale and negligent

24   construction projects at each building.  Compl. ¶ 6.  The *Evander* plaintiffs asserted that

25   construction disrupted their use and enjoyment of their residences; that Veritas representatives

26   entered their apartments without proper notice; and that Veritas subjected them to various other

27   wrongful acts intended to drive them out of their rent-controlled units.  *Id*.  Certain *Evander*

28   plaintiffs alleged property damage and bodily injury.  *Id*.  *Evander* recently settled for a lump sum.

1   *See* Jt. Letter 3.

2       Associated and Ategrity each issued three successive policies of commercial general

3   liability insurance to Veritas.  Associated's policies were effective December 2016 through

4   December 2019.  Ategrity's policies were effective December 2019 through December 2022.  *Id*.

5   at ¶¶ 7, 8.  Associated is participating in the defense of Veritas in *Evander* and has demanded

6   Ategrity's participation.  Ategrity has declined to take a position on its duties of defense and

7   indemnity.  *Id*. at ¶ 19-21.  Associated filed this lawsuit seeking declaratory relief regarding

8   Ategrity's duty to defend Veritas in *Evander*.

9       Associated filed a motion for partial summary judgment as to Ategrity's duty to defend.

10  [Docket No. 23.]  That motion remains pending.  Fact discovery closes on June 14, 2023 and a

11  jury trial is scheduled to begin in July 2023.  [*See* Docket No. 16.]

12  **II.    DISCUSSION**

13      The parties' dispute centers around Associated's use of Federal Rule of Civil Procedure

14  33(d)(1) in responding to 12 interrogatories.

15      Ategrity's interrogatory No. 1 states:

16          Please identify the names of all Plaintiffs who alleged claims for
            bodily injury and/or property damage against Veritas that occurred
17          during the policy period of [Ategrity] policy number 01-B-GL-
            P00001257-0.
18

19  Interrogatory Nos. 3, 5, 7, 9, and 11 are nearly identical but request the names of plaintiffs who

20  alleged claims for bodily injury, property damage, and personal and advertising injury during the

21  policy periods for the other two Ategrity policies issued to Veritas.

22      Interrogatory No. 2 states:

23          Please identify all documents that establish that the Plaintiffs
            identified in your response to interrogatory number 1, sustained
24          bodily injury and/or property damage that occurred during the policy
            period of [Ategrity] policy number 01-B-GL-P00001257-0.
25

26  Nos. 4, 6, 8, 10, and 12 are nearly identical to No. 2 but request the identification of all documents

27  that establish that the plaintiffs identified in the previous interrogatories sustained injury during

28  the policy periods for the three Ategrity policies.  Jt. Letter 1-2.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Associated responded to the interrogatories by referring to discovery responses,

2    documents, and depositions from *Evander*:

> 3    Associated refers defendant to the underlying plaintiffs' interrogatory
>      responses, document productions, and deposition transcripts from the
> 4    "Underlying Action," produced concurrently in response to
>      defendant's requests for production of documents.  Associated has
> 5    produced all such discovery responses and depositions in its
>      possession, as kept in the normal course of business, on an underlying
> 6    plaintiff-by-plaintiff basis, see Bates numbers 00000001-00048796.

7    *Id.*

8    The parties dispute the propriety of Associated's response.  Ategrity offers a barebones

9    two-sentence argument.  It asserts without elaboration that Associated "failed to fully comply with

10   Rule 33(d)(1)" because it "abused the option" by referring Ategrity to 48,796 business records

11   without specifying the particular documents from which the answers to the interrogatories may be

12   ascertained.  Jt. Letter 2.  Associated contends that its responses are appropriate under Federal

13   Rule of Civil Procedure 33(d) because the burden of deriving answers would be substantially the

14   same for either party.  *Id.* at 3-4.

15   Rule 33(d)(1) provides that "[i]f the answer to an interrogatory may be determined by

16   examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if

17   the burden of deriving or ascertaining the answer will be substantially the same for either party,

18   the responding party may answer by . . . specifying the records that must be reviewed, in sufficient

19   detail to enable the interrogating party to locate and identify them as readily as the responding

20   party could."  "A requesting party claiming an inappropriate use of Rule 33(d) must make a prima

21   facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information

22   is not fully contained in the documents or because it is too difficult to extract."  *RSI Corp. v. Int'l*

23   *Bus. Machines Corp.*, No. 08-CV-3414 RMW, 2012 WL 3095396, at *1 (N.D. Cal. July 30, 2012)

24   (internal quotation marks and citation omitted).  The burden then shifts to the responding party to

25   show that "(1) a review of the documents will actually reveal answers to the interrogatories; and

26   (2) the burden of deriving the answer is substantially the same for the party serving the

27   interrogatory as for the party served."  *Id.* (citation omitted).

28   Here, the entire extent of Ategrity's argument is that Associated violated Rule 33(d)(1)

3

United States District Court
Northern District of California

1    because it referred Ategrity to nearly 50,000 records without specifying the documents from which

2    the answers to the interrogatories could be ascertained.  This is insufficient under *RSI* because

3    Ategrity has not established that the information "is not fully contained in the documents" or "is

4    too difficult to extract."

5           Even if Ategrity had made its prima facie showing under *RSI*, Associated has demonstrated

6    that the documents contain information that is responsive to the interrogatories and that the burden

7    of answering the interrogatories will be "substantially the same for either party."

8           Associated explains that it produced the responsive material in its possession, namely, all

9    the discovery in *Evander*.  It provided the material to Ategrity in electronic form in folders labeled

10   by plaintiff name.  Jt. Letter 3.  Associated states that *Evander* settled globally and "only the

11   plaintiffs know what they individually collected."  *Id.*  Associated did not undertake a plaintiff-by-

12   plaintiff analysis of damages in that suit.  *Id*.

13          Associated argues that Ategrity is improperly attempting to shift the burden of analyzing

14   the discovery in the *Evander* action to Associated.  *Id*. at 3-4.  It explains that if the court finds in

15   the pending summary judgment motion that Ategrity owed a duty to defend in *Evander*,

16   Associated would only need to establish Ategrity's rejection of the tender, refusal to participate in

17   Veritas's defense, and sums involved in order to establish its case.  The burden would then shift to

18   Ategrity to prove the absence of actual coverage.  *See Safeco Ins. Co. of Am. v. Superior Ct.*, 140

19   Cal. App. 4th 874, 877 (2006) ("in an action for equitable contribution by a settling insurer against

20   a nonparticipating insurer, the settling insurer has met its burden of proof when it makes a prima

21   facie showing of coverage under the nonparticipating insurer's policy—the same showing of

22   potential coverage necessary to trigger the nonparticipating insurer's duty to defend—and that the

23   burden of proof then shifts to the recalcitrant insurer to prove the absence of actual coverage.").

24   At that point, Ategrity would need to "marshal and adduce evidence to prove the absence of

25   coverage."  Jt. Letter 3.  Associated argues that Ategrity is trying to use this discovery motion to

26   force Associated to do this work for them by requiring Associated to analyze the voluminous

27   discovery from *Evander*.

28          Ategrity does not dispute any of Associated's claims about the global settlement of

4

1  Evander or otherwise respond to Associated's arguments.  On this record, Ategrity has failed to

2  demonstrate that Associated's Rule 33(d)(1) responses are inadequate.

3  **III.    CONCLUSION**

4          For the foregoing reasons, Ategrity's motion to compel further responses to Interrogatory

5  Nos. 1-12 is denied.

6          **IT IS SO ORDERED.**

7  Dated: May 8, 2023



IT IS SO ORDERED

Donna M. Ryu
Chief Magistrate Judge
Judge Donna M. Ryu

5