UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>  Plaintiff,<br><br> v.<br><br>ATEGRITY SPECIALTY INSURANCE CO., INC.,<br><br> Defendant. | Case No. 22-cv-04008-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 23 |

Before the Court is Plaintiff's motion for partial summary judgment as to Defendant's duty to defend in an underlying lawsuit. Dkt. No. 23 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion.

I.  **INTRODUCTION**

This is an insurance coverage dispute. The parties are insurance companies that mutually insure Veritas Investments, Inc., which was sued in an underlying case filed in state court called *Evander v. Veritas Investments, Inc.*[1] In *Evander*, residential tenants alleged various habitability violations at properties owned by Veritas, asserting that the defendants attempted to drive tenants out of their units.[2] *See* Dkt. No. 24-1. Plaintiff participated in the defense of Veritas, paying legal

---

[1] No. CGC-18-570435 in San Francisco Superior Court. *See* Dkt. No. 24-1 at 2.

[2] The Court **GRANTS** Plaintiff's request for judicial notice of filings in *Evander*. Dkt. No. 24; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting courts "may take judicial notice of court filings and other matters of public record"). The Court **DENIES** Plaintiff's request to take judicial notice of Defendant's counterclaim, as it is not necessary for the Court to take judicial notice of documents filed in this case.

fees to the law firm Lubin Olson & Niewiadomski LLP for its work in *Evander*. *See* Dkt. No. 25-16; *see also* Dkt. No. 41 ("Bracy Decl.") ¶¶ 6–9, 11. In its motion for partial summary judgment, Plaintiff seeks a declaration that Defendant has owed a duty to defend Veritas in *Evander* since Plaintiff officially tendered the case on May 20, 2022, "or such earlier time as it received notice." *See* Mot. at 1; Dkt. No. 25-19.

Defendant issued three relevant policies of commercial general liability insurance to Veritas, collectively effective December 2019 through December 2022.[3] *See* Dkt. No. 25-17; Dkt. No. 25-18; Dkt No. 14 ("Counterclaim") ¶ 11. The policies include two standard coverages: Coverage A and Coverage B. Coverage A creates a duty to defend in a suit seeking damages for "bodily injury" or "property damage" caused by an "occurrence." *See* Dkt. No. 25-17 at 9; Dkt. No. 25-18 at 10; Counterclaim ¶ 12. "Occurrence" in turn is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Dkt. No. 25-17 at 23; Dkt. No. 25-18 at 24. Coverage B creates a duty to defend in a suit seeking damages for "personal and advertising injury" (meaning injury, including bodily injury) caused by an "offense." Dkt. No. 25-17 at 14, 23; Dkt. No. 25-18 at 15, 24. The injury must arise out of one or more listed "offenses," which includes "wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord, or lessor." *Id.* The policies exclude coverage of "continuous or progressive" injuries that arose before the policy started. Dkt. No. 25-17 at 34; Dkt. No. 25-18 at 39; Counterclaim ¶ 13.

Coverage under each policy is also subject to satisfaction of a self-insured retention ("SIR"), "a specific sum or percentage of loss that is the insured's initial responsibility and must be satisfied *before* there is any coverage under the policy." *Forecast Homes, Inc. v. Steadfast Ins.*

---

[3] The policies are:
1. No. 01-B-GL-P00001257-0, effective December 18, 2019 to December 11, 2020;
2. No. 01-B-GL-P00001257-1, effective December 11, 2020 to December 11, 2021;
3. No. 01-B-GL-P00001257-2, effective December 11, 2021 to December 11, 2022.

2

1  *Co.*, 181 Cal. App. 4th 1466, 1474 (2010) (quotation omitted). The 2019–2020 and 2020–2021 policies describe the SIR as follows:

| SIR | | |
|---|---|---|
| BODILY INJURY AND/OR PROPERTY DAMAGE LIABILITY SIR COMBINED | $100,000 | Per Occ |
| SIR Aggregate | NA | |

| HABITABILITY / UN-INHABITABILITY SIR | | |
|---|---|---|
| Self-Insured Retention | $ 500,000 | Each Occurrence |
| "Policy Term Aggregate" | $ N/A | |

| ALL OTHER | | |
|---|---|---|
| Self-Insured Retention | $100,000 | Each Occurrence |
| "Policy Term Aggregate" | $ N/A | |

Dkt. No. 25-17 at 3, 28; Dkt. No. 25-18 at 3, 33; Counterclaim ¶ 14. The SIR language in the 2021–2022 policy is different. *See* Counterclaim ¶ 15; Mot. at 22. For example, the SIR section specifies that the SIR is "per-claim," adds that the SIR applies to personal and advertising injuries "as the result of any one 'occurrence' or offense," and states the insured is "solely responsible" for SIR amounts. *See id.*

## II.   LEGAL STANDARD

### A.   Summary Judgment

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita*

3

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. Fed. R. Civ. P. 56(a).

### B. Duty to Defend

"An insurer has a very broad duty to defend its insured under California law." *Anthem Elecs., Inc. v. Pac. Emp'rs Ins. Co.*, 302 F.3d 1049, 1054 (9th Cir. 2002). As the Supreme Court of California has explained, "the insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages *potentially* covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 299 (Cal. 1993). "Even if it is ultimately determined no coverage existed, the insurer refusing to defend is liable for defense costs if there was any potential of coverage under the policy during pendency of the action." *Md. Cas. Co. v. Nat'l Am. Ins. Co.*, 48 Cal. App. 4th 1822, 1828 (Cal. Ct. App. 1996).

To determine whether the insurer owes a duty to defend, courts first "compare the allegations of the complaint—and facts extrinsic to the complaint—with the policy terms to see if they reveal a possibility that the claim may be covered by the policy." *Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002) (internal quotation marks and brackets omitted). "[U]nder California law the insurer's duty is not measured by the technical legal cause of action pleaded in the underlying third party complaint, but rather by the *potential* for liability under the policy's coverage as revealed by the facts alleged in the complaint or otherwise known to the insurer." *Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1267 (9th Cir. 2010) (internal quotation marks omitted). "It only matters whether the facts alleged or otherwise known by the insurer suggest potential liability or whether they do not." *Id.* at 1269. "Any doubt as to whether these facts trigger a duty to defend is resolved in favor of the insured." *Pension Tr. Fund*, 307 F.3d at 949. Further, "[i]f any of the claims in the underlying complaint

are covered, the insurer has a duty to defend the entire action." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The insurer bears a heavy burden to show that it does not have a duty to defend. While the "insured need only show that the underlying claim *may* fall within policy coverage[,] the insurer must prove it *cannot*." *Montrose Chem.*, 6 Cal. 4th at 300. "California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty." *Pension Tr. Fund*, 307 F.3d at 951. "Once the insured makes a showing of potential coverage, the insurer may be relieved of its duty only when the facts alleged in the underlying suit can by no conceivable theory raise a single issue that could bring it within the policy coverage." *Id.* at 949 (internal quotation marks and brackets omitted). An insurer's duty to defend can generally be resolved at the summary judgment stage. *See Butler v. Clarendon Am. Ins. Co.*, 494 F. Supp. 2d 1112, 1122 (N.D. Cal. 2007).

### III.    EVIDENTIARY ISSUES

Defendant's response to Plaintiff's motion consists almost entirely of evidentiary objections. *See* Dkt. No. 28 ("Opp."); Dkt. No. 44. The Court largely overrules the objections.

Under Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." As the Ninth Circuit has noted, "Rule 56 was amended in 2010 to eliminate the unequivocal requirement that evidence submitted at summary judgment must be authenticated[.]" *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016); *see also Harlow v. Chaffey Cmty. Coll. Dist.*, No. 21-55349, 2022 WL 4077103, at *1 (9th Cir. Sept. 6, 2022) ("Courts must now consider unauthenticated evidence at summary judgment if the evidence can 'be presented in a *form* that would be admissible' at trial." (quoting Fed. R. Civ. P. 56(c)(2))). Similarly, "[i]f the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021). "Accordingly, district courts in this circuit have routinely overruled authentication and hearsay challenges at the summary stage

5

where the evidence could be presented in an admissible form at trial[.]" *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1232 (N.D. Cal. 2018)

### i. Insurance Policies

Defendant first objects to copies of two of Defendant's own relevant policies issued to Veritas. Dkt. Nos. 25-17, 25-18. Defendant argues only that the attorney declaration through which they were submitted failed to establish personal knowledge of the documents. Opp. at 7–8. This objection is **OVERRULED**.

Defendant does not argue that the insurance policies could not be presented in a form admissible at trial, and stops short of substantively challenging their authenticity.[4] *See Classical Silk, Inc. v. Dolan Grp., Inc.*, No. CV1409224ABMRWX, 2016 WL 7638113, at *1 n.2 (C.D. Cal. Feb. 2, 2016) (noting that the rule that evidence may be considered at summary judgment if it may be admissible at trial is "particularly true for authentication objections where . . . Defendants have raised procedural objection rather than substantive challenges to the authenticity of documents"). Moreover, documents can "be authenticated by review of their contents if they appear to be sufficiently genuine"; personal knowledge is not the only way to authenticate a document. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011); *see also* Fed. R. Evid. 901(b)(4) ("The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" may satisfy the authentication requirement). Here, the policy numbers, insureds, effective dates, coverage amounts, and attachments precisely match *Defendant's own* descriptions and excerpts of the relevant policies. *Compare* Dkt. Nos. 25-17, 25-18 *with* Counterclaim ¶¶ 11–13. It is clear that the policies are what they appear to be given their content and the circumstances, including their alignment with Defendant's allegations.[5]

---

[4] The Court notes that although all the relevant policies are undoubtedly within Defendant's possession (and central to the Court's evaluation of the motion and Defendant's counterclaim), Defendant opted not to provide its own copies.

[5] The remaining objections in Plaintiff's opposition, Dkt. No. 28, are **OVERRULED AS MOOT** because the Court did not rely on those portions of the record. *See* Opp. at 8–11.

### ii. Evidence of SIR Fulfillment

At the Court's invitation, Plaintiff submitted evidence supporting its assertion that the SIR requirement has been satisfied, and Defendant responded with additional evidentiary objections. *See* Dkt. Nos. 40–41, 44. Plaintiff submitted the declaration of Lauren Bracy, who states she works for Plaintiff's parent company and is the claims representative handling *Evander*. Bracy Decl. ¶¶ 2, 4. Bracy included copies of invoices and cashed checks from Plaintiff to Lubin Olson. *See id.* ¶¶ 5, 8. Plaintiff also submitted, via an attorney declaration, a "Bill and Payment Report" of payments made to Lubin Olson. Dkt. No. 40 at 28–33.[6] Defendant produced the document to Plaintiff in discovery and originally got the spreadsheet from Rick Larson, coverage counsel for Veritas. Dkt. No. 40 at 34–35; Dkt. No. 44 at 1; Dkt. No. 44-1 ("Derfler Decl.") ¶ 3. Plaintiff's counsel asserts that Jon Sommer, an attorney at Lubin Olson, said he provided the spreadsheet to Mr. Larson and that it was originally created by Lubin Olson. Dkt. No. 40 ("Wendell Decl.") ¶ 7.

Defendant argues that the Bill and Payment Report lacks authentication and is hearsay. Dkt. No. 44 at 1–3. Again, as long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony, the Court may consider hearsay evidence and unauthenticated documents. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016); *see also Smith v. WM Corp. Servs., Inc.*, No. 21-16103, 2022 WL 4285599, at *1 (9th Cir. Sept. 16, 2022) (district court did not err by considering movant's unauthenticated email at summary judgment). Here, the spreadsheet reflects personal knowledge of individuals at both Lubin Olson (including Mr. Sommer) and Veritas who could testify directly as to payments Veritas made to Lubin Olson for work on *Evander*. There is no reason to believe that Plaintiff would be precluded from bringing a qualified witness to testify to the spreadsheet's contents. The

---

[6] The Court **STRIKES** the additional evidence Plaintiff submitted after the Court's deadline, as well as its response to Defendant's second round of objections. *See* Dkt. No. 46–49. In violation of the Local Rules, Plaintiff did not seek leave to file additional evidence or argument. Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . ."). The Court also **STRIKES** Plaintiff's evidence regarding when Defendant learned of the *Evander* lawsuit for the same reason, as the evidence is not within the scope of the Court's order and Plaintiff did not seek approval.

Court finds the underlying evidence could be submitted in a form admissible at trial and **OVERRULES** the objection.[7]

## IV. DISCUSSION

In comparing the cited allegations in the complaint to the relevant policy language, the Court finds there is no genuine dispute that "the underlying claim *may* fall within coverage," which is all that is necessary here. *See Montrose Chem.*, 6 Cal. 4th at 300. The Court further finds that Defendant's duty arose no later than May 20, 2022 when Plaintiff officially tendered the case to Defendant.[8]

In its motion, Plaintiff explained how the claims and conduct underlying the *Evander* case give rise to potential coverage under Defendant's policies, and why any potential exclusions do not apply. Mot. at 12–20. Plaintiff has pointed to allegations of bodily injury and property damage arising from "occurrences" within the policy period under Coverage A, as well as allegations of wrongful eviction, wrongful entry, and invasions of the right of private occupancy within the policy period under Coverage B. *See id.* at 13–17; *see also Mesa Underwriters Specialty Ins. Co. v. Blackboard Ins. Specialty Co.*, 400 F. Supp. 3d 928, 937–42 (N.D. Cal. 2019) (finding duty to defend based on similar conduct and insurance policy). Defendant has offered no substantive response, and has made no attempt to establish that any exclusion applies. *Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App. 4th 1017, 1039 (Cal. Ct. App. 2002) ("[A]n insurer that wishes to rely on an exclusion has the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds.").

The Court also finds that there is no genuine dispute as to whether the SIR has been satisfied. Plaintiff and Defendant disagree on whether the SIR applies to Coverage B, but the Court need not address this contract interpretation question to resolve the narrow issue of whether Defendant owes a duty to defend in *Evander*. *See* Mot. at 20–23; Opp. at 11. Plaintiff has shown

---

[7] As to the Bracy Declaration, Defendant objects only to paragraph 10. Dkt. No. 44 at 5–6. The objection is **OVERRULED AS MOOT**, as the Court did not rely on this portion of the record.

[8] Whether the duty to defend arose earlier was not raised in the original motion, and thus will not be decided now.

8

1   that even if the SIR did apply to Coverage B, it has long been satisfied.  The first two applicable

2   policies have no requirement that the insured satisfy the SIR itself, meaning the SIRs could be

3   satisfied by other insurers on behalf of Veritas.  *See Forecast Homes*, 181 Cal. App. 4th at 1474

4   ("The insured may purchase other insurance to cover the SIR *unless the policy clearly requires* the

5   insured itself, not other insurers, to pay this amount.").  The evidence shows that Plaintiff has paid

6   millions of dollars to Lubin Olson for defense work in *Evander* on behalf of Veritas, easily

7   surpassing the $500,000 threshold.  *See* Bracy Decl. ¶¶ 3–9, 11; Dkt. No. 41 at 8–151.  The third

8   policy requires the SIR to be satisfied by Veritas, but the spreadsheet of payments made to Lubin

9   Olson shows that Veritas itself has also easily passed the $500,000 threshold.  Bracy Decl. ¶ 3;

10  Dkt. No. 40 at 28–33.

## V.  CONCLUSION

The Court **GRANTS** Plaintiff's motion for summary judgment.  The Court finds that Defendant has owed a duty to defend Veritas in the *Evander* case since no later than May 20, 2022, when Plaintiff officially tendered the case.

The Court **SETS** a case management conference on June 13, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court **DIRECTS** the parties to meet and confer and submit a revised joint case management statement by June 9, 2023.  The parties should be prepared to discuss how to move this case to a conclusion efficiently.

**IT IS SO ORDERED.**

Dated:  6/6/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge